**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALBERTO DIAZ,

     Petitioner,

v.

WARDEN of the Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,

     Respondents.

Case No. 1:26-cv-02019-MIS-JMR

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Alberto Diaz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed June 24, 2026. The federal Respondents filed a Response to the Petition on July 13, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I.    Background

Petitioner is apparently a citizen of Cuba who has lived in the United States since the 1980s. Pet. at 6, 9. It further appears that he was ordered removed from the United States in 1989 but,

---

[1]    The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

due to the United States' relations with Cuba, was never removed.  See id.  However, he has been reporting to immigration officials ever since.  Id. at 9.  Immigration officials arrested Petitioner during a scheduled check-in towards the end of 2025.  Id.  He is currently in immigration detention at the Torrance County Detention Center in Estancia, New Mexico.  Id. at 1.

On June 24, 2026, Petitioner filed the instant Petition seeking immediate conditional release.  Id. at 7.  On July 13, 2026, the federal Respondents filed a Response.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"  8 U.S.C. § 1231(a)(1)(A).  Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal.  However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's

removal from the United States.  It does not permit indefinite detention."  Zadvydas, 533 U.S. at 689.  In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention.  Id. at 701.  After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.; see also Clark v. Martinez, 543 U.S. 371, 377-78 (2005).  Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable."  Zadvydas, 533 U.S. at 695, 699.

### III.    Discussion

Petitioner argues that his prolonged detention, now exceeding eight months, violates his right to due process.  Pet. at 6.  He argues that the presumptively reasonable period of detention has expired, and that there is no likelihood of removal in the reasonably foreseeable future given the United States' relations with Cuba.  Id.  He seeks immediate conditional release.  Id. at 7.

Respondents assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but acknowledge "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)."  Id. at 2.  They assert that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and

thus eligible for bond), not § 1225(b)(2)(A)." 2026 WL 1876709, at *5. It is unclear whether Santillan Quiroz applies to this case because it appears that Petitioner may be under a final order of removal, subjecting him to mandatory detention under 8 U.S.C. § 1231(a). Neither party provided the Court with documentation regarding Petitioner's immigration status.

Assuming arguendo that Respondents are correct that Santillan Quiroz applies to the facts of this case, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6.

Alternatively, assuming arguendo that Petitioner is under a final order of removal and therefore subject to mandatory detention under 8 U.S.C. § 1231(a), the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have failed to present evidence sufficient to rebut that showing. To begin with, Petitioner has been detained for over eight months. See Pet. at 6. Thus, the presumptively reasonable period of detention has expired. See Zadvydas, 533 U.S. at 701.

Next, Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future, based on the United States' current relations with Cuba. See Pet. at 6. Indeed, Petitioner has apparently been under a final order of removal to Cuba since 1989, and the Government has still not removed him to Cuba or a third country. Id. at 9. "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." Naghiyev v. Bondi, No. 2:25-cv-1313 MIS/DLM,

2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing Lorenzo v. Bondi, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); Jimenez Chacon v. Lyons, 811 F. Supp. 3d 1299, 1310 (D.N.M. 2025); Salazar-Martinez v. Lyons, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)).  The Court is satisfied that the Government's failure to remove Petitioner in the thirty-seven years since he was ordered removed satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]"  Zadvydas, 533 U.S. at 701.

Finally, Respondents wholly failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future."  Id.  To satisfy this burden, Respondents must present evidence in support of their position.  See id. ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)).  Here, Respondents failed to argue—much less present evidence sufficient to establish—that there is a significant likelihood of removal in the reasonably foreseeable future.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3).  See Jiminez Chacon, 811 F. Supp. 3d at 1310-11; Salazar-Martinez v. Lyons, No. 2:25-cv-00961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025); Hmung v. Bondi, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), report and recommendation adopted, 2025 WL 3670499 (W.D. Okla. Dec. 17,

2025); <u>Momennia v. Bondi</u>, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), <u>report and recommendation adopted</u>, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Alberto Diaz's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Alberto Diaz from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

3.    Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

4.    Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or failed to comply with the conditions of his release, or (2) a valid final order of removal and concrete travel plans to effectuate removal; and

5.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE